# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| ELISABETH BORCHERS, *on behalf of herself and all persons similarly situated,* | ) ) ) ) |
| Plaintiff, | ) |
| v. | ) No. 18-0225-CV-W-BP |
| XCELIGENT, INC., *et al.*, | ) ) ) |
| Defendants. | ) |

## ORDER AND OPINION GRANTING PLAINTIFF'S MOTION TO REMAND

Plaintiff filed this suit in state court in April 2017. Defendants removed it in March 2018, contending that this Court has jurisdiction because the case is related to Defendant Xceligent, Inc.'s bankruptcy in the District of Delaware. Plaintiff has filed a Motion to Remand. After considering the parties' argument, and as discussed below, the Motion to Remand, (Doc. 6), is **GRANTED**.

## I. BACKGROUND

Plaintiff was employed by Xceligent in October 2016 when she and other employees learned that the Human Resources Department (which was overseen by Defendant Erin Curry) had disclosed employees' personal information (including names, addresses, and Social Security Numbers) to third parties without authorization. Plaintiff's suit seeks recovery for a class of individuals whose personal information was disclosed.

Defendants filed a Motion to Dismiss, which the state court granted in part. In September 2017, the state court issued a Scheduling Order that, among other things, set the case for trial in November 2018. Discovery commenced and various motions were filed and ruled. Plaintiff filed a Motion for Class Certification in November 2017, and it was fully briefed on

December 13, 2017. However, the next day, Xceligent filed for Chapter 7 relief in the Bankruptcy Court in the District of Delaware.

In January 2018, Plaintiff filed for relief from the automatic stay. On March 1, Plaintiff and the Bankruptcy Trustee executed a Stipulation granting relief from the stay, and the Bankruptcy Court approved the Stipulation the next day. (Doc. 15-2, p. 2.)[1] According to the Stipulation, the automatic stay was lifted to allow this case to proceed in state court "solely for the purposes of establishing liability and recovering proceeds under any applicable insurance policy which covers such claims." (Doc. 15-2, p. 5.) The Stipulation further provides that any settlement or judgment can be satisfied from applicable insurance proceeds without further order of the Bankruptcy Court. (Doc. 15-2, pp. 6-7, ¶¶ 3, 6.) The Stipulation prohibits plaintiff or any class member from executing on property of the bankruptcy estate; any successful plaintiff or class member can file an unsecured claim in the Bankruptcy Court, but "[t]he amount of any final judgment or settlement obtained" in the state court litigation "shall not be dispositive of . . . prepetition claim[s] against" Xceligent, and the Bankruptcy Trustee "reserves the right to utilize the claims adjudication process established by the Bankruptcy Code for determination of the amount of" any such claim. (Doc. 15-2, pp. 5-6, ¶¶ 1-2.) The Bankruptcy Court's order lifting the stay was filed with the state court on March 2, 2018. On March 23, Defendants removed the case to this Court, contending that jurisdiction exists under 28 U.S.C. § 1334(b) because this suit is related to Xceligent's bankruptcy proceeding. The motion for class certification still has not been ruled.

Plaintiff asks the Court to remand, contending that this suit (1) is not related to Xceligent's bankruptcy proceeding and (2) even if it is, remand is required by 28 U.S.C. § 1334(c). Alternatively, Plaintiff asks the Court to exercise its discretion to remand. Defendants

---

[1] All page numbers are those generated by the Court's CM/ECF system.

oppose the motion, contending that jurisdiction is present, remand is not required, and the Court should not exercise its discretionary power to remand the case. The Court resolves the parties' arguments below.

## II. DISCUSSION

The Court concludes that it lacks jurisdiction over the case. The Court also holds that even if jurisdiction exists, it is required to remand the case. And, even if remand is not required, the Court should exercise its equitable discretion to remand the case.

### A. Jurisdiction

With exceptions that need not be addressed here, "district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b). Defendants do not contend that this case "arises under" Title 11 or that it "arises in" a bankruptcy case; instead, they rely on the provision creating jurisdiction over cases that are "related to" a bankruptcy case.

The Eighth Circuit has adopted the "conceivable effect" test for determining if a lawsuit is related to a bankruptcy case. "A civil proceeding is related to bankruptcy where the outcome of that proceeding could conceivably have any effect on the estate being administered in the bankruptcy. An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action and which in any way impacts upon the handling and administration of the bankruptcy estate." *Id.* at 1019 (quotation and alterations from original omitted).

The proponent of federal jurisdiction must demonstrate that it exists. *E.g, Moore v. Kansas City Public Schools,* 828 F.3d 687, 692 (8th Cir. 2016). In the Notice of Removal, Defendants contended that this case is "related to" the bankruptcy case because the Bankruptcy

3

Court would have to consider and approve any effort to satisfy the judgment from the bankruptcy estate. (Doc. 1, ¶ 4.) However, this merely restates the truism that any claims actually made on the bankruptcy estate will affect the estate; this does not explain how the lawsuit itself can result in a decision that affects the bankruptcy estate's assets. Thus, the Notice of Removal does not satisfy Defendant's burden to demonstrate that jurisdiction exists.

In arguing for remand, Plaintiff contends, (Doc. 6, pp. 7-8), that this case will have no conceivable effect on the bankruptcy estate because satisfaction of any judgment is limited to available insurance proceeds. Moreover, any favorable judgment will not be binding on the Bankruptcy Court because paragraph 2 of the Stipulation specifically provides that "[t]he amount of any final judgment or settlement obtained . . . in excess of any applicable insurance coverage and proceeds shall not be dispositive of" the claim. In response, Defendants present a different theory than the one expressed in the Notice of Removal. They argue that Plaintiff's suit might have an effect on the bankruptcy because it could exhaust all available insurance coverage, thereby depriving coverage for *other* claims that have been asserted against Xceligent. In particular, they cite (1) a copyright infringement suit filed in this Court in December 2016 ("the *Costar* case") and (2) a suit commenced after Xceligent filed for bankruptcy asserting claims under the Worker Adjustment and Retraining Act, ("the WARN Act case"). According to Defendants, if Plaintiff's suit proceeds and exhausts the available insurance, the plaintiffs in the *Costar* and WARN Act cases will have to resort to recovery from the bankruptcy estate, and in that way this suit has a conceivable effect on Xceligent's bankruptcy.

Accepting that the possibility of "insurance exhaustion" as a basis for jurisdiction is a viable theory, the theory would apply in this case only if the claims in the *Costar* and WARN Act cases are covered by insurance. If there is no insurance coverage for the claims in those

4

cases, the *Costar* and WARN ACT plaintiffs will seek their full recovery from the bankruptcy estate regardless of what occurs in this lawsuit. However, as noted earlier, Defendants bear the burden of demonstrating that jurisdiction exists. Defendants have not presented any reason to believe that the claims in the *Costar* and WARN Act cases are covered by insurance, so they have presented no basis for the Court to conclude that Plaintiff's suit poses a risk of depriving other creditors of available insurance coverage and thereby forcing those other creditors to seek satisfaction from the bankruptcy estate. In contrast to Defendants' failure to support their own theory, Plaintiff has presented significant reasons to doubt that the *Costar* and WARN Act cases are covered by insurance. (Doc. 15, pp. 5-6.) Regardless, the burden of demonstrating that jurisdiction rests with Defendants, and they have not satisfied their initial burden. Therefore, the Court concludes that jurisdiction is lacking and the case must be remanded.

## B. Mandatory Abstention/Remand

Section 1334(c)(2) describes circumstances in which a court must abstain in a case removed under § 1334(b). The Court concludes those circumstances are satisfied, so even if the Court has jurisdiction under § 1334(b), it must abstain and the case should be remanded.

When jurisdiction is invoked under § 1334(b) because it is "related to" a bankruptcy case, abstention is required if there is no other jurisdictional basis for the case and if the case "can be timely adjudicated[ ] in a State forum of appropriate jurisdiction." 28 U.S.C. § 1334(c)(2). And, when § 1334(c) is invoked in a case that was originally removed from state court, the federal court may rely on that provision to remand the case if the case was filed in state court before the bankruptcy commenced. *E.g., AUSA Life Ins. Co v. Citigroup, Inc.,* 293 B.R. 471, 476-77 (N.D. Iowa 2003); *In re Fitgeralds Gaming Corp.,* 261 B.R. 1, 8 (Bankr. W.D. Mo. 2001). Here, the parties do not dispute that there is no other basis for federal jurisdiction and that Plaintiff

5

commenced her suit in state court before Xceligent filed for bankruptcy. The parties dispute whether this case can be timely adjudicated in state court. The Court concludes that it can.

Defendants argue that if Plaintiff's recovery exceeds the available insurance Plaintiff must return to the Bankruptcy Court, meaning that the state court will be unable to fully adjudicate the matter. This argument equates § 1334(c)(2)'s requirement of "timely" adjudication with "full" adjudication, which is not what § 1334(c)(2) requires. The state court can both "timely" and "fully" adjudicate this lawsuit, even if there is a possibility that more work must be done in the Bankruptcy Court. For example, the state court may not grant the Motion for Class Certification, which would reduce both the valuation of this claim and the likelihood of Plaintiff seeking recovery from the bankruptcy estate. Plaintiff could also lose on the merits, which means she would not seek recovery from the bankruptcy estate. And, even if Plaintiff or class members someday file a claim in the Bankruptcy Court, the state court's efforts would have created judicial economy by completing tasks that would have otherwise had to be completed by the Bankruptcy Court.

The Court rejects Defendant's arguments that § 1334(c)(2) does not apply in this case. Therefore, even if the Court has jurisdiction under § 1334(b), the Court is required to abstain under § 1334(c)(2) and the case must be remanded to state court.

### C. Equitable Abstention/Remand

Section 1334(c)(1) permits a court to abstain in a case where jurisdiction is predicated on § 1334(b) "in the interest of justice, or in the interest of comity with State courts or respect for State law . . . ." 28 U.S.C. § 1452(b) contains similar language, stating that when a case is removed based on § 1334, "[t]he court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground." These provisions are construed

6

as requiring the same considerations, *In re Baker,* 577 B.R. 308, 311 (B.A.P. 8th Cir. 2017), which are:

(1) the effect, if any, on administration of the bankruptcy,

(2) the extent to which state law predominates over bankruptcy issues,

(3) whether the applicable law is difficult or unsettled,

(4) whether a related proceeding was commenced in state court or other nonbankruptcy court,

(5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334,

(6) the relation between the proceeding and the main bankruptcy case,

(7) the nature of the asserted "core" proceeding, if any,

(8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court,

(9) the burden on the bankruptcy court's docket,

(10) the likelihood that one of the parties is engaging in forum shopping by one of the parties,

(11) the existence of a right to a jury trial,

(12) whether nondebtors are parties,

(13 whether remand serves principles of judicial economy;

(14 whether there is prejudice to other parties;

(15) whether the remand lessens the possibilities of inconsistent results; and

(16) whether the court where the action originated has greater expertise.

The Court concludes that the overwhelming weight of these factors justifies remanding this case to state court. Returning the case to state court will have a negligible effect on the bankruptcy estate, and as discussed in Part II.B will also relieve some of the Bankruptcy Court's burdens of adjudicating these claims. As also discussed earlier, this case was originally filed in state court before the bankruptcy commenced, and there is no other basis for federal jurisdiction. The claims are wholly dependent on Missouri law; bankruptcy law plays no part in them and the

7

state court undoubtedly has greater expertise in resolving Plaintiff's claims against Defendants and (likely) the insurance coverage issues. The parties are entitled to a jury trial, which favors allowing the issues to be resolved in state court. Finally, the Court detects a strong likelihood that Defendants are engaging in forum shopping. In this regard, the Court notes that Defendants have also asked the Court to transfer this case to the District of Delaware so that it can be re-combined with the bankruptcy case. (Doc. 9.) The Court is inclined to believe that if the Bankruptcy Court had not wanted Plaintiff's claims against Xceligent to be adjudicated in Jackson County Circuit Court, the Bankruptcy Court would not have approved the agreement between Plaintiff and the Bankruptcy Trustee allowing that to happen. For these reasons, the Court concludes that it should exercise its jurisdiction and remand the case to state court.

### III. CONCLUSION

For the reasons set forth above, the Court concludes that:

1. the Court lacks jurisdiction in this case under 28 U.S.C. § 1334(b),

2. even if the Court has jurisdiction in this case, then the Court must abstain and remand the case to state court pursuant to 28 U.S.C. § 1334(c)(2), and

3. even the Court has jurisdiction and the Court is not required to remand the case, then the Court exercises its discretion to abstain and remand the case to state court pursuant to 28 U.S.C. §§ 1334(c)(1) and 1452(b).

**IT IS SO ORDERED.**

DATE: April 25, 2018

/s/ Beth Phillips
BETH PHILLIPS, JUDGE
UNITED STATES DISTRICT COURT